**FANG ZHENG, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

**No. 09–2943.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Dec. 24, 2009.

Filed: Dec. 29, 2009.

Fang Zheng, New York, NY, pro se.

Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Jeffrey L. Menkin, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SCIRICA, Chief Judge, JORDAN and STAPLETON, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Fang Zheng, a native and citizen of the People's Republic of China, petitions for review of a decision entered by the Board of Immigration Appeals ("BIA") denying her motion to reopen removal proceedings. We will deny the petition for review.

Zheng entered the United States without inspection in 2004 and reunited with her husband, a Chinese national who remained in this country despite having been ordered removed in 2002. Zheng herself was placed in removal proceedings, at which time she conceded removability as an alien present without being admitted or paroled, and applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Zheng claimed that she and her husband had a daughter in 1999 who allegedly remains in China in the care of in-laws. Zheng states that she evaded the authorities for a short time after becoming pregnant again, but was ultimately found at her mother's home

and forced to have an abortion, along with an IUD inserted, in May 2000. After coming to the United States in 2004, Zheng allegedly had the IUD removed, and she and her husband had another daughter, a United States citizen, in 2006. Zheng states that she fears persecution in China on account of now having had a second child, purportedly in violation of that country's family planning policies.

After a hearing, the Immigration Judge ("IJ") rejected the credibility of Zheng's testimony and denied relief. Among other things, the IJ noted that a written certificate introduced by the husband at his removal proceeding to establish Zheng's forced abortion and IUD insertion was expressly rejected by the IJ in that proceeding as fraudulent. Zheng was unable to authenticate the certificate at her own proceeding, and the IJ found her testimony as to how she had obtained the certificate, and how it had wound up in her husband's possession for use in connection with his asylum claim, to be inconsistent and lacking in credibility. On September 15, 2008, the BIA dismissed Zheng's appeal, agreeing with the IJ that Zheng lacked credibility, and further finding that she did not establish a well-found fear of persecution based on having had a second child while in the United States.

Zheng timely filed a motion to reopen with the BIA, submitting what she claimed was previously unavailable evidence to support her alleged fear of persecution, including a letter from her mother-in-law and a certificate from a local village committee in Fujian Province purporting to order that Zheng be sterilized in light of having had two children.

On June 12, 2009, the BIA denied the motion to reopen, holding that Zheng's submissions were insufficient to justify reopening the proceedings. With respect to the purported notice from the local village committee and letters from family members, the BIA found this evidence insufficient to meet Zheng's burden of proof on a motion to reopen, particularly in light of the IJ's adverse credibility finding. The BIA noted that the purported certificate was not authenticated "in any manner," and that "it is well-known that Fujian Province, the province from which the respondent comes, has a major problem with false documents." Zheng timely filed a petition for review in this Court from the order denying her motion to reopen.

We have jurisdiction under 8 U.S.C. § 1252(a) to review the denial of Zheng's motion to reopen. This Court reviews the denial of a motion to reopen for abuse of discretion, affording "broad deference" to the agency's decision. *Ezeagwuna v. Ashcroft*, 325 F.3d 396, 409 (3d Cir.2003). We will not disturb the BIA's decision unless Zheng shows that it was arbitrary, irrational, or contrary to law. *See Tipu v. INS*, 20 F.3d 580, 582 (3d Cir.1994).

Zheng argues that the BIA abused its discretion because local officials have ordered her sterilization. Zheng notes that she submitted materials indicating that her child born in the United States will be considered a Chinese citizen in China, and that she will be held in violation of family planning policy. She argues that the BIA erred in failing to accept the authenticity of her sterilization certificate, which she claims is supported by a letter from her mother-in-law, and failed to consider the import of her background materials on Chinese law. Appellant's Br. at 2–3.

After a review of the record, we cannot conclude that the BIA abused its discretion in denying the motion to reopen. Given the IJ's determination that Zheng's testimony lacked credibility, and given that Zheng and her husband had sought to introduce a fraudulent document regarding

her alleged abortion and IUD in her husband's removal proceeding, the BIA did not act unreasonably in expecting Zheng to authenticate the purported sterilization certificate submitted in support of the motion to reopen. As the BIA noted, however, the certificate was not authenticated "in any manner," despite the fact that Zheng claims that her mother-in-law recently obtained the certificate directly from the local village committee. Zheng presumably could have obtained consular authentication pursuant to 8 C.F.R. § 287.6, or authentication in some other form. While we have held that failure to authenticate under § 287.6 does not warrant "per se exclusion of documentary evidence, and a petitioner is permitted to prove authenticity in another manner," *Liu v. Ashcroft,* 372 F.3d 529, 533 (3d Cir.2004), Zheng, as noted, did not authenticate in any manner. The unsworn letter from her mother-in-law regarding the certificate was insufficient. Particularly in view of the fraudulent document previously submitted, and the concern generally with fraudulent documents from Fujian Province, the BIA did not err in rejecting the unauthenticated "certificate" that formed the core of Zheng's motion to reopen.

■ As to Zheng's additional evidentiary submissions regarding China's family planning policies, none of Zheng's materials post-dates the BIA's final removal order, and indeed there appears to be no reason why Zheng could not have submitted the materials at the time of her hearing before the IJ. The BIA thus did not err in finding this evidence insufficient to support a motion to reopen. Finally, Zheng had represented in the hearing before the IJ that, upon her removal, she planned to leave her United States child in the care of her mother, who resides here as a lawful permanent resident. The BIA reasonably declined to revisit Zheng's claimed fear of future persecution insofar as Zheng sought to base the claim on a new, wholly contradictory assertion that she now intends to return to China with her second child.

For the foregoing reasons, we will deny the petition for review.